FILED
United States Court of Appeals
Tenth Circuit

June 23, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

IRASEMA SALCIDO-RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

Respondent.

No. 19-9602
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **BACHARACH**, Circuit Judges.
_____

Irasema Salcido-Rodriguez, a native and citizen of Mexico, petitions for

review of an order by the Board of Immigration Appeals (the Board) denying her

motion to reopen removal proceedings and consider an application for cancellation of

removal. We grant the petition for review and remand for further proceedings.

The immigration judge determined that Ms. Salcido-Rodriguez was not

eligible for cancellation of removal because she had not been present in the United

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

States for a "continuous period" of at least ten years before she was served with a notice to appear. 8 U.S.C. § 1229b(b)(1)(A). Ms. Salcido-Rodriguez's former counsel filed a notice of appeal, but did not file a brief, and the Board summarily dismissed the appeal.

Ms. Salcido-Rodriguez then moved to reopen in light of *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018), and her counsel's ineffective assistance. She argued that the notice of appeal served upon her was deficient under *Pereira* and did not trigger the stop-time rule, so that she had accrued the required ten years of presence. She further argued that her counsel was ineffective for failing to file a motion to remand under *Pereira*. The Board recognized that under *Pereira*, the notice to appear "would not stop [her] accrual of physical presence because it did not include the time and place of her hearing." R. at 2. But the Board reasoned that the stop-time rule nevertheless applied because a subsequent notice of the time and place of the hearing cured any defect in the notice to appear. It also rejected the ineffective-assistance claim, in part reasoning that because of the stop-time rule, Ms. Salcido-Rodriguez had not suffered prejudice from her former counsel's failure to move to remand.

After the Board's decision, this court held that "the stop-time rule is triggered by one complete notice to appear rather than a combination of documents." *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1178 (10th Cir. 2020), *cert. denied*, 2021 WL 1725170 (U.S. May 3, 2021) (No. 20-356). At the government's request, we then abated this matter when the Supreme Court agreed to consider the same

2

stop-time issue in another case. The Supreme Court now has decided that case. Consistent with *Banuelos-Galviz*, it held that the stop-time rule does not apply unless the noncitizen is served with one complete notice to appear. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485, 1486 (2021).

Accordingly, the Board's decision is no longer good law. We lift the abatement, grant Ms. Salcido-Rodriguez's petition for review, and remand for the Board to consider the motion to reopen in light of *Niz-Chavez* and *Banuelos-Galviz*.

Entered for the Court


Timothy M. Tymkovich
Chief Judge